65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Carlton DAVIS, a/k/a William Carlton Chadwick,
Petitioner-Appellant,
v.
Jack COWLEY and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6187.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, William Carlton Davis, appeals from an order of the district court adopting a recommendation of a magistrate judge that Mr. Davis' 28 U.S.C. 2254 petition be dismissed. We affirm that decision.
 
 
 3
 Mr. Davis pled guilty to, and is serving two concurrent life sentences for, the crimes of murder in the first degree and rape. He took no direct appeal from those sentences. He filed his 2254 petition in April 1992 raising a number of constitutional issues and challenging his guilty pleas. The district court concluded the state record was insufficient to determine the validity of the pleas, and entered an order requiring the state to conduct a retrospective hearing into petitioner's mental capacity at the time of those pleas.
 
 
 4
 The state court conducted the hearing and entered findings of fact, ultimately concluding Mr. Davis was mentally competent to make valid guilty pleas and waive his trial rights. These findings and the supportive record were lodged in the federal district court. Mr. Davis did not dispute the findings.
 
 
 5
 A magistrate judge reviewed the record and recommended to the district court there was ample support for the conclusions of the state court, and that petitioner was adequately advised of his constitutional rights and effectively waived them. The magistrate judge further found petitioner's pleas were voluntary. The district court reviewed the record and, over petitioner's objection, adopted the magistrate's recommendation to deny habeas relief.
 
 
 6
 We, too, have reviewed the recommendations of the magistrate judge and find no error, despite petitioner's arguments. We therefore affirm on the merits for the reasons set forth in the supplemental report and recommendation.
 
 
 7
 Petitioner raises an additional issue requiring further comment. He contends the district court erred because it denied his claim counsel appointed in the federal habeas case was incompetent. The district court held, because the constitution does not require the appointment of counsel in habeas cases, the claim did not assert grounds for habeas corpus. That holding is correct, and there are additional reasons why the claim fails.
 
 
 8
 First, petitioner's contention of incompetence is simply grounded on the fact his federally appointed lawyer did not participate in the state retrospective hearing. Nevertheless, as the district court pointed out, petitioner was represented by other counsel in that proceeding. Second, 2254 relief is available only if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In this case, petitioner is in custody as a result of the proceedings in the courts of the State of Oklahoma ending in his conviction, not because of the services rendered by his federally appointed counsel. That attorney was not required by the district court to participate in the state hearing, and his absence from that proceeding did not affect the constitutionality of petitioner's present custody.
 
 
 9
 The application for a certificate of probable cause is GRANTED. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470